# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| COVENTRY DELI; JOSEPH ANTHONY HAIR STUDIO INC.; VAN JOE LLC DBA JOSEPH ANTHONY RETREAT SPA AND DRY BAR; and STECK EYE CARE LLC individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.,<br><br>      Defendant. | Judge: Algenon L. Marbley, U.S.D.J.<br><br>Civil Action No. 2:21-cv-02708<br><br>JURY TRIAL DEMANDED<br><br>**Oral Argument Requested** |

## PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

  Plaintiffs Coventry Deli, Joseph Anthony Hair Studio Inc., Van Joe LLC DBA Joseph Anthony Retreat Spa and Dry Bar, and Steck Eye Care LLC (collectively "Plaintiffs"), individually and on behalf of the proposed classes (collectively, the "Class"), respectfully submit this Second Notice of Supplemental Authorities in Further Opposition to Defendant State Auto Property and Casualty Insurance Company's Motion to Dismiss the First Amended Complaint. This Notice provides the Court with citations to recent decisions, all of which further support Plaintiffs' position set forth in Plaintiffs' Memorandum of Law in Opposition to State Auto's Motion to Dismiss the First Amended Complaint (ECF No. 27).

  *First*, in *Rowan Univ. v. Factory Mut. Ins. Co.*, No. GLO-L-000250-21, 2022 WL 515516, at *2 (N.J. Super. Ct. Jan. 24, 2022), the defendant's motion to dismiss was denied. The Superior

Court of New Jersey held that the defendant could not lead the Court to apply a higher pleading standard than a motion to dismiss requires and the alleged facts were sufficient to potentially prove a breach of contract claim. *Id.* The "Defendant's wholesale argument that COVID-19 is not physical damage" was a factual rather than a legal determination. *Id.*

*Second*, in *Regents of the Univ. of Colorado v. Factory Mut. Ins. Co.,* No. 2021CV30206, 2022 WL 245327, at *1 (Colo. Dist. Ct. Jan. 26, 2022), the defendant's motion for judgment on the pleadings was denied. The phrase "physical loss or damage" was found to be susceptible to more than one reasonable interpretation as evidenced by the split in authority and the plain meaning of the phrase itself. *Id.* at *4. The university plaintiff's complaint alleged COVID-19 both prevented it from using its property and also that it altered the structure of the property by contaminating objects and lingering in the air. *Id.* Consideration of allegations that COVID-19 was identified on the university plaintiff's property rendered it at least plausible to conclude that "a property could become so saturated with contaminated objects, aerosols, and droplets, that its building were uninhabitable" and the ambiguity in the phrase "physical loss or damage" was enough to demonstrate that the case could not be determined from the pleadings alone. *Id.*

*Third*, in *Live Nation Ent., Inc. v. Factory Mut. Ins. Co.*, No. 2:21-cv-00862-JAK-KS, 2022 WL 390712, at *6 (C.D. Ca. Feb. 3, 2021), the defendant's partial motion for judgment on the pleadings was denied and the court adopted the rational of the Ninth Circuit in *Mudpie v. Travelers Cas. Ins. Co. of Am.*, 487 F. Supp. 3d 834, 842, n.7 (N.D. Cal. 2020, aff'd, 15.F.4th 885 (9th Cir. 2021)) that COVID-19 is a physical intrusion that compromises the integrity of property. Factual issues regarding the entry of COVID-19 on the relevant properties, and the necessary extent of responsive remedial measures, including cleaning, could not be resolved on a motion to dismiss. *Id.* at *7. The complaint sufficiently alleged that infectious respiratory droplets, which transmit

COVID-19, are physical objects that alter property. *Id.* Thus, it could not be determined as a matter of law that the presence of COVID-19 in the plaintiff's properties could not cause "physical loss or damage" to property. *Id.*

Dated: March 21, 2022

        Respectfully Submitted,

        */s/ Kenneth P. Abbarno*
        Mark A. DiCello
        Kenneth P. Abbarno
        Mark Abramowitz
        **DICELLO LEVITT GUTZLER LLC**
        7556 Mentor Avenue
        Mentor, Ohio 44060
        Tel: (440) 953-8888
        madicello@dicellolevitt.com
        kabbarno@dicellolevitt.com
        mabramowitz@dicellolevitt.com

        */s/ Adam J. Levitt*
        Adam J. Levitt
        Daniel R. Ferri
        Mark Hamill
        **DICELLO LEVITT GUTZLER LLC**
        Ten North Dearborn Street, Eleventh Floor
        Chicago, Illinois  60602
        Tel: (312) 214-7900
        alevitt@dicellolevitt.com
        dferri@dicellolevitt.com
        mhamill@dicellolevitt.com

        *s/ Marni S. Berger*
        Jeffrey P. Goodman
        Marni S. Berger
        Samuel B. Dordick
        **SALTZ MONGELUZZI & BENDESKY P.C.**
        One Liberty Place
        1650 Market Street, 52nd Floor
        Philadelphia, Pennsylvania  19103
        Tel: (215) 496-8282
        jgoodman@smbb.com
        mberger@smbb.com
        sdordick@smbb.com

*/s/ Mark Lanier*
Mark Lanier
Alex Brown*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas 77064
Tel: (713) 659-5200
wml@lanierlawfirm.com
alex.brown@lanierlawfirm.com

*/s/ Timothy W. Burns*
Timothy W. Burns*
Jeff. J. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Tel: (608) 286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com

*/s/ Douglas Daniels*
Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas 77057
Tel: (713) 917-0024
douglas.daniels@dtlawyers.com

***Counsel for Plaintiffs
and the Proposed Classes***

*\*Pro hac vice* admissions to be filed.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that is on this 21st day of March 2022, I electronically filed the foregoing Plaintiffs' Second Notice of Supplemental Authorities in Further Opposition to Defendant's Motion to Dismiss the First Amended Complaint with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

Dated: March 21, 2022                     /s/ Kenneth P. Abbarno
                                          Mark A. DiCello
                                          Kenneth P. Abbarno
                                          Mark Abramowitz
                                          **DICELLO LEVITT GUTZLER LLC**
                                          7556 Mentor Avenue
                                          Mentor, Ohio 44060
                                          Tel: (440) 953-8888
                                          madicello@dicellolevitt.com
                                          kabbarno@dicellolevitt.com
                                          mabramowitz@dicellolevitt.com