UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| COVENTRY DELI; JOSEPH ANTHONY HAIR STUDIO INC. VAN JOE LLC DBA JOSEPHY ANTHONY RETREAT SPA AND DRY BAR; AND STECK EYE CARE LLC individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.<br><br>  Defendant. | Case No. 2:21-cv-02708-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley |

**STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S
THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant State Auto Property & Casualty Insurance Company ("State Auto Property") respectfully submits this proposed Third Notice of Supplemental Authority to advise the Court of several recently issued dispositive rulings in COVID-19 business interruption cases that are relevant to State Auto Property's Pending Motion to Dismiss.

**1. Wisconsin Supreme Court Decision Holding That COVID-19's Presence On Property Does Not Constitute Direct Physical Loss Of Or Damage**

In *Colectivo Coffee Roasters, Inc. et al. v. Society Ins.*, __ N.W.2d __, 2022 WL 1758674 (Wis. Jun. 1, 2022) (Ex. A), the Wisconsin Supreme Court issued a unanimous decision rejecting Plaintiffs' primary theory of coverage—and reversing a trial court decision that Plaintiffs relied upon (*See* Dkt. 27 at p. 19, 23-25)—by holding that the presence of COVID-19 at an insured's restaurant does <u>not</u> constitute direct physical loss of or damage to property because COVID-19 does not alter the appearance, shape, color, structure, or other material dimension of the property. *Id.* at 9. The Court also rejected the same "fumes" line of cases that Plaintiffs relied upon here

1

17705373v2

and held that "COVID-19 does not render property inherently dangerous or uninhabitable in the same way as ongoing rockfalls or wildfire smoke might, because COVID-19 is not a physical peril that makes enter a structure hazardous. Rather the danger of the virus is to people in close proximity to one another, not to the real property itself." *Id*. at 10.

> 2. **Pennsylvania District Court Decision Holding That COVID-19's Presence On Property Does Not Constitute Direct Physical Loss Of Or Damage**

In *Newtown Athletic Club v. Cincinnati Ins. Co.*, 2022 WL 866410 (E.D. Pa. Mar. 23, 2022) (Ex. B), the insured, like Plaintiffs here, alleged that COVID-19 was physically present on its property and that all public access to the property was prohibited as a result of this dangerous contamination. *Id*. at *6. The insured also argued that COVID-19 had "demonstrably altered and physically damaged" its property by transforming the premises from usable to dangerous. *Id*. at *5. The Court, relying upon "a significant body of case law [that] has developed in the Third Circuit and the Eastern District of Pennsylvania on this exact issue," rejected Plaintiff's "physical contamination" theory and held that "the presence of COVID-19 on properties is not enough to qualify as a physical loss where the contamination can be cured by simply disinfecting surfaces." *Id*. at *6.

> 3. **Ohio Appellate Decision Holding That COVID-19's Presence On Property Does Not Constitute Direct Physical Loss Of Or Damage**

In *Sanzo Enterprises, LLC v. Erie Ins. Exch.*, 182 N.E.3d 393 (Ohio Ct. App. 2021) (Ex. C), the Court analyzed the plain meaning of "direct physical loss of or damage to property" under Ohio law, which Plaintiffs contend, may apply to the State Auto Property policies because "Defendant is an Ohio-based corporation." (Dkt. 27 at 17). The *Sanzo* decision demonstrates once again that Ohio law is consistent with Wisconsin and Pennsylvania in holding that the plain and ordinary meaning of the phrase "direct physical loss of or damage" unambiguously requires

a "tangible, material, or structural deprivation or harm" to property. *Id*. at ¶ 76. While the insured in *Sanzo,* unlike Plaintiffs here, did not allege that its losses stemmed from COVID-19 contamination, the Court held that such an argument would fail under Ohio law because "the presence of [COVID-19] did not cause the damage to the property such that repair, rebuilding, or restoration was necessary. What the store needed was the end of the Orders, not any repair, rebuilding, replacement, or restoration of the property." (*Id*. at ¶ 60).

    **4. Mississippi District Court Dismissal Order Analyzing State Auto's "Food-Borne Illness Endorsement"**

In *Danco LLC v. State Auto Prop. & Cas. Ins. Co.*, 2022 WL 1369064 (N.D. Miss. May 3, 2022) (Ex. D), the Court analyzed State Auto Property's "Restaurant Extension Endorsement," which, like the similarly worded "Food Borne Illness Endorsement" before this Court, provides coverage for "the suspension of [the insured's] operations at the described premises due to the order of a civil authority … resulting from the actual or alleged … exposure of the described premises to a contagious or infectious disease." *Id*. (See also Dkt. 30 at 21-24).

State Auto Property has argued that the Food Borne Illness Endorsement, like the Restaurant Extension Endorsement, only applies when a civil authority order was the result of an actual or alleged disease outbreak at the policyholders' "described premises." *Id*. In *Danco*, the court agreed with this interpretation and found that the COVID-related civil authority orders were issued in response to the global pandemic, not in response to any actual or alleged exposure of the insured's restaurants to COVID-19. In so holding, the *Danco* court described this conclusion as "a rather common-sensical and somewhat obvious point" *Id*. at *2. When interpreting the Restaurant Extension Endorsement, the *Danco* court cited with approval several cases involving Appellee in which courts have dismissed similar claims under the Food Borne Illness Endorsement, including *Univ. Mgmt., Inc. v. State Auto Prop. & Cas. Ins. Co.* 2022 WL

3

805879 (N.D. Miss. Mar. 15, 2022) and *Isaac's Deli, Inc. v. State Auto. Prop. & Cas. Ins. Co.*, 539 F. Supp. 3d 424 (E.D. Pa. 2021).  *Id*. at *4.

Dated: June 3, 2022                                                  Respectfully submitted,

*/s/ Drew H. Campbell*
Drew H. Campbell (0047197)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH 43215
(614) 227-2300
dcampbell@bricker.com

Adam H. Fleischer (0101608)
David J. Buishas (*Admitted PHV*)
Matthew P. Fortin *(Admitted PHV)*
BATESCAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100
afleischer@batescarey.com
dbuishas@batescarey.com
mfortin@batescarey.com
*Attorneys for State Auto Property & Casualty Insurance Company*

2984169

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, a true and accurate copy of the foregoing document was filed with the Court's CM/ECF system, which will send notification to all counsel of record.

>                              */s/ Drew Campbell*
>                              Drew H. Campbell (0047197)